UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHERYL ROMANO AND** * | **CIVIL ACTION NO.** |
| **WAYNE ROMANO** * | |
| * | |
| **VERSUS** * | **JUDGE:** |
| * | |
| **JAZZ CASINO COMPANY, LLC,** * | |
| **JCC HOLDING COMPANY II, LLC** * | **MAGISTRATE JUDGE:** |
| **HARRAH'S NEW ORLEANS CASINO,** * | |
| **HARRAH'S NEW ORLEANS MANAGEMENT** * | |
| **COMPANY, LLC, CEOC, LLC,** * | |
| **CAESARS LICENSE COMPANY, LLC,** * | |
| **CAESARS ENTERTAINMENT, INC.,** * | |
| **CAESARS ENTERTAINMENT OPERATING** * | |
| **COMPANY, INC., CAESARS ENTERPRISE** * | |
| **SERVICES, LLC AND CAESARS RESORT** * | |
| **COLLECTION, LLC** * | |

**************************************************************************

| | |
|---|---|
| To: Plaintiffs, Cheryl and Wayne Romano | The Honorable Judges of the |
| Through their counsel of record: | United States District Court |
| James J. Carter | Eastern District of Louisiana |
| James Carter & Associates, LLC | |
| 1100 Poydras Street, Suite 1160 | |
| New Orleans, Louisiana  70163 | |
| AND | |
| Edward D. Markle | |
| Markle & Associates, APLC | |
| 3506 Washington Avenue, Suite F | |
| Gulfport, Mississippi  39507 | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Jazz Casino Company, LLC, JCC Holding Company II, LLC, Harrah's New Orleans Casino, Harrah's New Orleans Management Company, LLC, CEOC, LLC, Caesars License Company, LLC, Caesars Entertainment, Inc., Caesars Entertainment Operating Company, Inc., Caesars Enterprise Services,

LLC and Caesars Resort Collection, LLC (collectively "Defendants"), named defendants in that certain proceeding entitled "*Cheryl Romano, et al. v. Jazz Casino Company, LLC, et al.*" pending in Division N of Civil District Court for the Parish of Orleans, State of Louisiana and bearing Number 2019-12397, hereby remove this proceeding to the United States District Court, Eastern District of Louisiana.[1]

A copy of this Notice of Removal is being served upon counsel of record for the Plaintiffs, Cheryl Romano and Wayne Romano ("Plaintiffs"), and will promptly be filed with the Clerk of aforesaid State Court, all in conformity with 28 U.S.C. §1446(d). Defendants appear for the purpose of removal only and for no other purpose and, reserving all rights and defenses, state as follows:

1.

On November 27, 2019, Plaintiffs filed a Petition for Damages (the "Petition") captioned *"Cheryl Romano, et al. v. Jazz Casino Company, LLC, et al."* pending in Division N of Civil District Court for the Parish of Orleans, State of Louisiana, which Court is within the jurisdictional boundaries of the Eastern District of Louisiana.

2.

Each defendant now removing this proceeding received service of the Petition on December 20, 2019, by service of the same upon their respective agents for service of process in the state of Louisiana. As such, removal is timely pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

---

[1] Harrah's New Orleans Casino is not the name of any entity, but merely a Trade Name (the applicant for which was Caesars License Company, LLC, a removing party). It too was served with the Petition on December 20, 2019. To the extent this was an effort to name the New Orleans casino, note that Jazz Casino Company, LLC operates the same. Both Jazz Casino Company LLC and the trade name applicant, Caesars License Company, LLC, appear herein to remove this case. To the extent then that Harrah's New Orleans Casino should be considered an entity, it too should be considered to have removed this case together with the other removing defendants.

3.

According to the allegations of the Petition, Plaintiffs seek recovery of damages for bodily injury that Plaintiffs allege to have suffered when Plaintiff, Cheryl Romano, allegedly tripped and fell on an electrical cord. Plaintiffs allege that the condition presented a danger for which Defendants should be liable. The nature of this action is more fully stated in the attached Petition.

4.

Per the allegations of the Petition, Plaintiffs are alleged to be persons of the full age of majority domiciled in the State of Illinois and, therefore, citizens of Illinois for diversity purposes.

5.

At the time of filing of said Petition and now, Jazz Casino Company, LLC was and is a limited liability company having a single member, JCC Holding Company II, LLC, which has as a single member, Caesars Growth Harrah's New Orleans, LLC, which has as a single member, Caesars Resort Collection, LLC, which has as its single member, Caesars Growth Partners LLC, which has as a single member, Caesars Entertainment Corporation. Caesars Entertainment Corporation is a Delaware corporation with its principal place of business in Nevada. Thus, Jazz Casino Company, LLC is a citizen of the states of Delaware and Nevada.[2]

6.

At the time of filing of said Petition and now, JCC Holding Company II, LLC was and is a limited liability company having a single member, Caesars Growth Harrah's New Orleans, LLC, which has as a single member, Caesars Resort Collection, LLC, which has as a single member,

---

[2] The citizenship of a limited liability company is determined by that of its member(s). *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

Caesars Growth Partners LLC, which has as a single member, Caesars Entertainment Corporation. Caesars Entertainment Corporation is a Delaware corporation with its principal place of business in Nevada. Thus, JCC Holding Company II, LLC is a citizen of the states of Delaware and Nevada.

7.

At the time of filing of said Petition and now, Harrah's New Orleans Management Company, LLC was a limited liability company having a single member CEOC, LLC, which has as a single member, Caesars Entertainment Corporation. Caesars Entertainment Corporation is a Delaware corporation with its principal place of business in Nevada. Thus, Harrah's New Orleans Management Company LLC is a citizen of the states of Delaware and Nevada.

8.

At the time of filing of said Petition and now, CEOC, LLC was and is a limited liability company having as a single member, Caesars Entertainment Corporation. Caesars Entertainment Corporation is a Delaware corporation with its principal place of business in Nevada. Thus, CEOC, LLC is a citizen of the states of Delaware and Nevada.

9.

At the time of filing of said Petition and now, Caesars Resort Collection, LLC was and is a limited liability company having a single member, Caesars Growth Partners LLC, which has as a single member, Caesars Entertainment Corporation. Caesars Entertainment Corporation is a Delaware corporation with its principal place of business in Nevada. Thus, Caesars Resort Collection LLC is a citizen of the states of Delaware and Nevada.

10.

At the time of filing of said Petition and now, and at the time of the alleged incident that is subject of the Petition of plaintiffs, Caesars Entertainment, Inc. was no longer existing. When it existed, it was a Delaware corporation with, upon information and belief, its principal place of business in Nevada.

11.

At the time of filing of said Petition and now, and at the time of the alleged incident that is subject of the Petition of plaintiffs, Caesars Entertainment Operating Company, Inc. was no longer existing. When it existed, it was a Delaware corporation with its principal place of business in Nevada.

12.

At the time of filing of said Petition and now Caesars Enterprise Services, LLC was and is a limited liability company having as its two members, CEOC LLC (a citizen of Delaware and Nevada as previously set forth) and Caesars Resort Collection LLC (a citizen of Delaware and Nevada as previously set forth). Thus, Caesars Enterprise Services, LLC is a citizen of the states of Delaware and Nevada.

13.

At the time of filing of said Petition and now, Caesars License Company, LLC was and is a limited liability company having as a single member, Caesars Enterprise Services LLC (a citizen of Delaware and Nevada as previously set forth). Thus, Caesars License Company, LLC is a citizen of the states of Delaware and Nevada.

14.

Although Defendants deny that Plaintiffs suffered damages, Plaintiffs are claiming damages that place more than $75,000, exclusive of interest and costs, into controversy. Plaintiffs allege that Cheryl Romano "tripped and fell on an electrical cord . . . sustaining serious and debilitating injuries." She "was transported from the Casino by ambulance to a local hospital where she underwent extensive surgery." See Paragraphs IV and XI of the Petition.

15.

Moreover, in discussion with the undersigned counsel for Defendants, plaintiffs' counsel stated that plaintiff allegedly underwent an extensive hip surgery as a result of the alleged incident and injury, and communicated that plaintiffs intend that the amount in controversy be for an amount in excess of $75,000, exclusive of interest and costs. Although Defendants deny the merits of the claims, Plaintiffs, through the allegations of the Petition and otherwise, are placing an amount in controversy that is above the threshold for removal.

16.

Based upon the allegations of Plaintiffs and communications to date, the above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, as the amount in controversy allegedly exceeds the sum of $75,000, exclusive of interest and costs, and the controversy is wholly between citizens of different states as set forth above. Plaintiffs are citizens of Illinois and the named Defendants are citizens of Delaware and/or Nevada. Pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, this case may be removed to the United States District Court for the Eastern District of Louisiana.

17.

Pursuant to 28 U.S.C. §§ 1332, 1367(a) and 1441(a), this Court has original jurisdiction over this entire civil action including the derivative loss of consortium claim set forth by Wayne Romano, and may, therefore, be removed. *Booty v. Shoney's, Inc.*, 872 F.Supp. 1524, 1528 (E.D. La. 1995).

18.

Pursuant to 28 U.S.C. § 1446(a), Defendants file herewith copies of all processes, pleadings and orders served upon the Defendants to date (Exhibit "A").

WHEREFORE, Defendants, Jazz Casino Company, LLC, JCC Holding Company II, LLC, Harrah's New Orleans Casino, Harrah's New Orleans Management Company, LLC, CEOC, LLC, Caesars License Company, LLC, Caesars Entertainment, Inc., Caesars Entertainment Operating Company, Inc., Caesars Enterprise Services, LLC and Caesars Resort Collection, LLC, pray that this, their Notice of Removal, be accepted as good and sufficient and that the aforesaid Petition for Damages be removed from State Court into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said State Court, and thereupon proceed with this civil action as if it had been commenced originally in this Court.

Respectfully submitted:

/s/ *George C. Drennan*
GEORGE C. DRENNAN (#28025)
G. BRUCE PARKERSON (#1118)
JAMIE FERGUSON JACKS (#31202)
Plauché Maselli Parkerson, LLC
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Tel: 504-582-1142; Fax: 504-582-1172

ATTORNEYS FOR JAZZ CASINO COMPANY, LLC, JCC HOLDING COMPANY II, LLC, HARRAH'S NEW ORLEANS CASINO, HARRAH'S NEW ORLEANS MANAGEMENT COMPANY, LLC, CEOC, LLC, CAESARS LICENSE COMPANY, LLC, CAESARS ENTERTAINMENT, INC., CAESARS ENTERTAINMENT OPERATING COMPANY, INC., CAESARS ENTERPRISE SERVICES, LLC and CAESARS RESORT COLLECTION, LLC

**CERTIFICATE OF SERVICE**

I do hereby certify that this  21st  day of January, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record . I further certify that I have also served all counsel of record with a copy of the foregoing either by facsimile and/or placing same in the United States mail, properly addressed and postage prepaid.

/s/ *George C. Drennan*