UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL ROMANO AND                                          CIVIL ACTION
WAYNE ROMANO
                                                           NO. 20-228
VERSUS
                                                           SECTION M (3)
JAZZ CASINO COMPANY, LLC, *et al.*

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Jazz Casino Company, LLC ("Jazz Casino") on behalf of all named defendants.[1] Plaintiffs Cheryl and Wayne Romano (collectively, "Plaintiffs") respond in opposition,[2] and Jazz Casino replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Jazz Casino's motion because Cheryl's alleged injuries resulted from her tripping over an open and obvious display.[4]

**I.   BACKGROUND**

This matter concerns a trip-and-fall accident in a casino. Jazz Casino owns and operates Harrah's New Orleans Casino ("Harrah's").[5] On January 25, 2019, Cheryl fell as she was walking through the casino.[6] A security video of the incident shows that, shortly before her fall, Cheryl was using her cell phone to take photographs of a second-line parade in the casino.[7] The parade passed by a large, illuminated prize vehicle display located on a raised chrome ramp in the middle

---

[1] R. Doc. 68.
[2] R. Doc. 81.
[3] R. Doc. 86.
[4] Because Plaintiffs' claims are dismissed with prejudice, defendants' motion to exclude from trial or limit the testimony of Cheryl's treating physicians (R. Doc. 69) is DISMISSED as moot.
[5] R. Doc. 68-1 at 2.
[6] R. Doc. 19 at 6.
[7] R. Doc. 68-6 (manual attachment).

of the casino's open floor.[8]  The display effectively created passageways for pedestrians on each of its sides, and the parade passed in the aisle on the car's left side.  After the parade moved passed the display, Cheryl, who the video shows is looking at her phone screen and talking to her husband as she is walking in the aisle, trips and falls over the left, front edge of the car display where the ramp begins.[9]  Plaintiffs allege that she tripped and fell on an electrical cord that was hidden by the ramp.[10]  Plaintiffs filed the instant suit alleging that the electrical cord created a dangerous condition of which the casino had actual or constructive knowledge.[11]  Plaintiffs assert claims of merchant liability under Louisiana Revised Statute 9:2800.6, strict premises liability, and negligence.[12]

## II.     PENDING MOTION

Jazz Casino argues that it is entitled to summary judgment because the video shows that there was no dangerous condition and the vehicle display was an open and obvious object that Cheryl should have seen and as to which it has no duty to protect patrons.[13]  It further argues that there is no electrical cord visible in the aisle prior to the accident, and thus the cord is part of the display as a whole which was open and obvious.[14]

In opposition, Plaintiffs argue that Cheryl tripped over a hidden electrical cord connected to the vehicle display, which cord they contend was not an open and obvious condition because it cannot be seen in the security footage.[15]  In support of their argument, they reference the security video and the testimony of some Jazz Casino employees, including security guard Elesha Loston

---

[8] *Id.*
[9] *Id.*
[10] R. Doc. 19 at 6.
[11] *Id.*
[12] *Id.* at 7-8.
[13] R. Doc. 68-1 at 4-6, 9-13.
[14] *Id.* at 5-6.
[15] R. Doc. 81 at 1-5, 8-25.

who completed the accident report and testified that she was told Cheryl tripped over the cord which was part of the vehicle display.[16]

## III. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. See *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory

---

[16] *Id.*

allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

B.  **Merchant Liability**

Section 9:2800.6 of the Louisiana Revised Statutes establishes the merchant's duty and the claimant's burden of proof in claims against a merchant arising out of a fall due to some condition existing on the merchant's premises. It provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. ...

La. R.S. 9:2800.6.

The statute requires a merchant "to exercise reasonable care to protect those who enter his establishment, to keep his premises safe from unreasonable risks of harm, and to warn persons of known dangers." *Foster v. Pinnacle Ent., Inc.*, 193 So. 3d 288, 295 (La. App. 2016). However, the merchant is not the insurer of its patrons' safety and is not liable for every accident that occurs on its premises. *Id.* (citing *Richardson v. La.-I Gaming*, 55 So. 3d 893, 895-96 (La. App. 2010)). Thus, to prevail in a slip-and-fall or, as here, trip-and-fall case, the plaintiff must prove all three elements of section 9:2800.6(B), and the failure to prove even one is fatal to the cause of action. *Id.* (citing *Alonzo v. Safari Car Wash, Inc.*, 75 So. 3d 509, 511 (La. App. 2011)).

Courts use a four-part risk-utility test to determine whether a condition presents an unreasonable risk of harm, which examines:

(1) the utility of the complained-of condition;

(2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition;

(3) the cost of preventing the harm; and

(4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature.

*Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1186-87 (La. 2008). Generally, a defendant does not have a "duty to protect against an open and obvious hazard." *Id.* at 1186. The second factor "focuses on whether the allegedly dangerous or defective condition was obvious and apparent." *Foster*, 193 So. 3d at 295 ("A defendant generally does not have a duty to protect against that which is obvious and apparent."). A condition is considered obvious and apparent if "it is open and obvious to everyone who may potentially encounter it." *Id.* (citing *Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 856 (La. 2014)). "If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." *Dauzat*, 995 So. 2d at 1186. Said differently, a merchant "is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the [merchant]." *Id.* To that end, a "pedestrian has a corresponding duty to see that which should be seen and observe whether their pathway is clear." *Perrin v. Ochsner Baptist Med. Cntr., LLC*, 2019 WL 3719546, at *4 (La. App. Aug. 7, 2019) (granting summary judgment for defendant in slip-and-fall case where hazard, a wet carpet, was open and obvious and did not present an unreasonable risk of harm).

6

In the case at bar, the security footage is the best and undisputed summary-judgment evidence documenting Cheryl's trip-and-fall accident. The video shows the casino space, near the casino's doors, where an illuminated red Porsche Macan is displayed on a raised vehicle platform or ramp. An indoor Mardi Gras parade with a second-line band passes on the left side of the vehicle display, and Cheryl is standing in front of the vehicle display, to the right, taking photographs of the parade with her phone. During this time, several people pass near the left, front corner of the vehicle display and nobody falls. There are no electrical cords or other wires visible in the video. After the parade passes, Cheryl meets up with her husband and the pair walk toward the vehicle display while talking. Cheryl appears to be looking alternately at her phone, her husband, or off in the distance. She never looks at the display. As the couple approaches the left, front corner of the vehicle display, where the ramp meets the ground, Cheryl's left foot appears to clip the corner of the ramp and she trips and falls. She lands right next to the display.

The video makes it is clear that the vehicle display was open and obvious to everyone near it. It is a large, well-lit red car on a ramp. Everyone in the video, except Cheryl, takes a wide enough berth around the display to miss it and not trip. Although Plaintiffs argue that Cheryl tripped on an electrical cord hidden under the vehicle platform, if Cheryl were exercising reasonable care as a pedestrian she should have seen the large display, including the platform allegedly hiding the electrical cord, and avoided it entirely. *See Lafaye v. SES Enters., LLC*, 318 So. 3d 1052, 1055-56 (La. App. 2018) (granting summary judgment where hose connected to a truck and suspended over a sidewalk was an open and obvious condition that a pedestrian could have avoided by taking an alternate route; and collecting and discussing triad of Louisiana supreme court decisions upholding summary judgment for defendants where conditions causing injury were open and obvious); *Upton v. Rouses's Enter., LLC*, 186 So. 3d 1195 (La App. 2016) (affirming

summary judgment in favor of grocery store where pallet under a box of watermelons was part of the large display that was an open and obvious condition).

Plaintiffs argue that the trip hazard was not the car display but an electrical cord, which they say was not observed *by anyone* before Cheryl's fall but which they also claim raises disputed issues of fact. For the latter point, Plaintiffs rely on the deposition testimony of a casino employee who said the cord was a potential trip hazard when asked by Plaintiffs' counsel to assume that, at the time of the accident, the cord was lying outside the perimeter of the car display as it appeared in a post-accident photograph taken by Cheryl's husband.[17] This is insufficient to create a genuine dispute because Plaintiffs present no summary-judgment evidence to support their naked assertion that the cord was in that condition before the accident, and they repeatedly assert that no one saw the cord before the accident. To be sure, the cord is not evident in the video, and the most likely explanation for its condition after the accident is that Cheryl, when she clipped the corner of the display and fell, dislodged the cord from where it had been placed. Plaintiffs, then, have not borne their summary-judgment burden to show that the cord constituted a hazard before the accident occurred. In short, there simply was no hidden danger here on the undisputed facts, and Jazz Casino (on behalf of all named defendants) is entitled to summary judgment in its favor dismissing Plaintiffs' case.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Jazz Casino's motion for summary judgment (R. Doc. 68) is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE as to all named defendants.

---

[17] R. Doc. 81 at 8-13.

New Orleans, Louisiana, this 12th day of August, 2021.

                                                                                               _____
                                                                                               BARRY W. ASHE
                                                                                               UNITED STATES DISTRICT JUDGE